UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20567-CIV-ALTONAGA/Goodman

BALMORE NATIVI,

      Plaintiff,
v.

ATLAS AIR, INC., *et al.*,

      Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Plaintiff, Balmore Nativi's Motion to Take Case of [sic] Administrative Hold [ECF No. 27], filed July 10, 2019. On April 18, 2019, Defendant, Atlas Air, Inc. filed a Motion to Dismiss [ECF No. 24]. On May 1, 2019, Plaintiff filed a Motion for Extension [ECF No. 25], asking the Court for an extension of time to file a response due to medical reasons. (*See id.* 1–2). The same day the Court entered an Order [ECF No. 26] closing the case for statistical purposes only, stating "the case shall be restored to the active docket upon Count order following motion by Plaintiff, advising he and his attorney are prepared to proceed." (*Id.* 1).

Defendant's Motion to Dismiss argued *inter alia* "the Complaint violates fundamental pleading standards as the Complaint's claims for relief incorporate each preceding allegation, irrespective of whether such allegations are even relevant to each subsequent claim." (Motion to Dismiss 2). Defendant is correct Plaintiff's Complaint [ECF No. 1-2], filed in state court before the case was removed, is an impermissible "shotgun pleading" because it "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (alteration in original) (quoting

*Wagner v. First Horizon Pharm Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)).   Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."   *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).   "When confronted with a shotgun pleading, the court is supposed to order repleading for a more definite statement of the claim."   *Hickman*, 563 F. App'x at 744 (citation omitted).

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion **[ECF No. 27]** is **GRANTED**.   Plaintiff has until July 19, 2019 to file an amended complaint that specifies the factual allegations relevant to each count and does not run afoul of the Eleventh Circuit's proscriptions against shotgun pleadings.   To the extent Plaintiff realleges any fraud-based claims, such claims must comply with the heightened pleading standard under Federal Rule of Civil Procedure 9(b).

2. The parties shall prepare and file an amended joint scheduling report by July 22, 2019.

**DONE AND ORDERED** in Miami, Florida, this 11th of July, 2019.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record